JAMES H. EAVES ET AL. v. HARRIS & SONS COMPANY.

[49 South. 258.]

1. SALES. *Future delivery. Failure to deliver. Measure of damages. Pleading. Failure to charge facts entitling to special damages.*

Where a commodity under a contract of purchase was to be delivered in the future and the seller failed to make delivery:

(a) He is ordinarily liable only for the difference between the contract price and the market value of the article at the time delivery should have been made; and

(b) The purchaser cannot recover the difference between the contract price and the sum paid by him for a like commodity, in the absence of averments in his declaration entitling him to recover special damages.

2. PLEADINGS AND PROOFS. *Evidence.*

Material allegations in the pleadings are essential to the relevancy of evidence; and to prove without allegation, except where the defect is cured by verdict, is vain and fruitless.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Eaves and others, appellants, co-partners under the name Eaves & Company, were plaintiffs in the court below; Harris & Sons Company, a corporation, was defendant there. From a judgment in defendant's favor plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*Lamb & Johnston,* for appellants.

The appellants, Eaves & Company, were cotton merchants at Tupelo, Miss. Harris & Sons Company was a general cotton merchant and cotton buyer at Iuka, Miss. The fact that Eaves & Company were cotton merchants was known to Harris & Sons Company when it sold them the cotton about which the litigation originated. Harris & Sons Company knew that Eaves & Company would in turn sell the cotton to other cotton merchants or manufacturers.

Eaves & Company, after they purchased the cotton from Harris & Sons Company, in turn sold the cotton bought from Harris & Sons Company to A. Druil & Co., at New Orleans. When Harris & Sons Company failed to deliver to Eaves & Company the cotton they had bought from it, then Eaves & Company had to go into the open market and purchase the cotton to fulfil their order with Druil & Co., and, in doing so had to pay a much higher price for the cotton they bought to fill their order with Druil & Co., than the price for which they had bought the cotton from Harris & Sons Company.

There is no question but that "the fundamental principle of damages is compensation to the injured party." We quote:—

"As has been said more than once, the fundamental principle of damages is compensation to the injured party. This rule in the present connection is simply the application of the principal stated to contracts—that is, the measure of damages in such cases is the value of the bargain to the complaining parties, or the loss which a fulfilment of the contract would have prevented, or the breach of it has entailed, or, as it has been said, the general intent of the law, which gives damages in actions for breach of contract is to put the injured party so far as can be done by money in the same position as if the contract had been performed." 8 Am. & Eng. Ency. of Law (2d ed.) 632; *Jamison v. Moon,* 43 Miss. 601; *Vicksburg, etc., R. Co. v. Ragsdale,* 46 Miss. 483.

"Where the purchase price has not been paid by the purchaser, the measure of damages for the breach of the contract through the nondelivery of the property is, as a general rule, the difference between the contract price and the market value of the property." 24 Am. & Eng. Ency. of Law (2d ed.) 1150.

"The market value is considered as the price at which the property can be replaced and does not necessarily mean the retail value of the property, the wholesale value, nor the price procurable at an auction sale." 24 Am. & Eng. Ency. of Law (2d ed.) 1152.

"Not only can the general damages which are the necessary

and immediate result of the breach of the contract of sale by the seller be recovered, but the purchaser may be entitled to recover special damages which can be considered to have been contemplated by the parties as the natural and probable result of its breach." 24 Am. & Eng. Ency. of Law (2d ed.) 1155.

Under the facts in this record, the measure of damages is as announced in the citations above and the proof that we offered was competent to show what damage the appellant had sustained.

*Candler, Bennett & Sweat,* for appellee.

The measure of damages in this case, under the pleadings, could not exceed the difference between the contract price of the cotton and its market value at the time, according to plaintiff's contention, when it should have been delivered; and this was nothing. There were no facts pleaded which would, if true, authorize plaintiffs to recover special or greater damages. The excluded testimony, complained of by plaintiffs, was not relevant to any averment in the pleadings. The court below in passing on the admissibility of evidence was governed by the pleadings and looking to declaration the rejected testimony was inadmissible.

SMITH, J., delivered the opinion of the court.

This was a suit in assumpsit to recover damages alleged to have been sustained by appellants, plaintiffs in the court below, by reason of the failure of appellee to deliver to appellant two hundred bales of cotton purchased by appellant from appellee for December delivery, C. O. D., Iuka, by two contracts—one of date October 30, and one of date November 28, 1907. After proving the contracts and their breach, appellants, in order to show the amount of their damage, offered to introduce in evidence invoices received by them from various parties, showing the number of bales, weight, and price of the cotton which appellants claimed to have purchased from such parties, at various places and various times between the 14th and 25th of January,

1908, in lieu of the cotton which appellee failed to deliver them under its contract. This evidence, on objection, was excluded, and this action of the court is assigned as error.

Appellants' contention is that it is shown by the evidence that, at the time of the making of the contracts sued on, they were engaged in the business of buying and selling cotton, and, with the knowledge of appellee, purchased this cotton for resale; that this cotton was in fact resold by appellants, and, upon their failure to receive same, it became necessary for them to purchase other cotton with which to fill their own contracts, which purchase they proceeded to make as quickly as possible after the 31st day of December, the last day for the delivery of the cotton under the contract sued on; that on these facts "the measure of damages is what it cost appellants to fulfill their contract after the appellee had failed to fulfill its contract."

It is a sufficient answer to this contention to say that appellants have not, by their declaration, submitted such a case to the judgment of the court. The declaration simply alleges the making of the contracts, their breach, and that appellants were damaged thereby in a certain sum. It contains no allegations whatever of any circumstances surrounding the parties, or of any special matter, which would warrant the recovery of special damages. Proof of such circumstances, or special matter, therefore, was wholly immaterial, and could not change the measure of damages fixed by the declaration. Material allegations are essential to the relevancy of evidence, and, except in cases where this defect is cured by verdict, to prove without allegations is vain and fruitless. Hughes on Procedure, pp. 58, 1116.

The measure of plaintiffs' damages is the difference between the contract price and the market value of the cotton at the time and place of delivery. These invoices, therefore, were properly excluded. *Mobile, etc., R. Co. v. Robbins Cotton Co.*, 94 Miss. 351, 48 South. 231.

We find no reversible error in the other matters complained of. Therefore the judgment is *affirmed.*